## EFFORT TO INTIMIDATE JURYMAN GROUND FOR A NEW TRIAL.

Circuit Court of Summit County.

The Northern Ohio Traction Company v. James J. Mitchell.*

Decided, October 8, 1903.

*Trials—Receipt of Anonymous Letter by Juryman—Misconduct.*

The receipt by a juryman of an anonymous letter in which it is sought to intimidate him and influence his verdict, requires that a new trial should be granted, even though it does not appear that the juryman was influenced by the letter or that it was written by the successful party, his counsel, friend or anyone connected with the case.

*Rogers, Rowley, Bradley & Rockwell,* for plaintiff in error.
*Billman & Billman* and *Wilcox & Grant,* contra.

Winch, J.; Hale, J., and Marvin, J., concur.

The Northern Ohio Traction Company was the defendant below and files its petition in error to reverse a judgment for $4,000 recovered against it by Mitchell for injuries sustained by him while traveling as a passenger on a car of the traction company, and occasioned by another car of said company running into the car he was on.

At the hearing in this court it was conceded by counsel for the traction company that the latter was liable for the damages sustained by Mitchell, and that the case was tried in the court below simply to determine the amount of said liability. It was further conceded before us that the judgment for $4,000 is not excessive. The only error complained of is the overruling of a motion for a new trial based upon misconduct during the trial on the part of counsel for defendant in error and the jury, and irregularity in certain orders of the court and abuse of discretion on the part of the court.

---

*Affirmed without opinion, *Northern Ohio Traction Co.* v. *Mitchell,* 74 Ohio State, 485.

It appears that during the trial one of the jurymen received an anonymous letter reading as follows:

"AKRON, OHIO, March 19, 1903.

"Mr. Thompson (one of the jurymen) I was greatly surprised to hear you last Wednesday tell the lawyers that you had never done any work for the N. O. T. Co.   This is base deception and should be exposed.   I propose to tell Judge Kohler and Lawyer Billings all about it.

"From one who heard you make the statement and who has the proof that you have done work for the N. O. T. Co."

This letter the jurymen showed to the trial judge while the case was still on hearing, and continued in the jury, the trial judge making no order or public announcement with reference to the matter.   Afer the verdict was rendered the jurymen exhibited the letter to counsel for the traction company, and no one but the trial judge had seen the letter prior to that time. Counsel for defendant in error was charged with writing the letter; and upon the hearing of the motion for a new trial the matter was exhaustively gone into, many affidavits were submitted, numerous exhibits were before the trial judge and oral testimony was produced at the hearing.   The trial judge found that Mitchell's counsel did not write the letter.   With this finding we will not interfere, for the reason given by this court and other courts when asked to review the finding of certain facts by juries, especially such facts as juries must find from the testimony of witnesses who are before them, and whose manner and conduct while on the stand affect their credibility.   But our conclusions in this case make it immaterial who wrote the anonymous letter received by the juryman, and it was also immaterial whether it was shown to have influenced the verdict in point of fact; for the letter speaks for itself and shows conclusively that it was intended to influence the juryman who received it and the verdict.   It was well said by the trial judge that courts must guard the purity of trial by jury with the utmost jealousy. Any attempt to tamper with the jury must be immediately rebuked.   This is a duty which the courts owe the public, which is paramount to their duty to litigants.   The trial judge in this case knowing the juryman who received the letter, having

watched the conduct of the case from beginning to end, believing the verdict was just and warranted by the testimony, fully convinced that the letter had in no wise affected the verdict, considering the expense, delay and annoyance inevitably resulting from the granting of a new trial, permitted the interest of litigants to have decided weight with him. In this respect we feel that he erred. Writing and mailing the anonymous letter received by the juryman in this case was so flagrant an attempt to intimidate him and influence his verdict that public policy requires that the verdict should be set aside, although it does not appear that the letter did in fact influence the verdict, and irrespective of whether it was written by a party to the case, his counsel, friend or an intermeddling or malicious stranger. Our views on this matter are so clearly and forcefully expressed by Judge Steele of the Supreme Court of Vermont in his decision of the case of *McDaniels* v. *McDaniels* (40 Vt., 363), that I quote his language:

"The motion for a new trial was properly granted. It was not incumbent upon the moving party to show that the verdict was in point of fact influenced by the unlawful conversations. It is quite enough that in a doubtful case conversations were had with the jurors during the progress of trial for the purpose of influencing and directly calculated to influence them to render just the verdict they wanted. There is no practical method to so analyze the mental operations of the jurors so as to determine whether in point of fact the verdict would have been the same if the trial had been conducted as both parties had a right to expect according to law and upon the evidence in court. If the court, in the instructions to the jury erred with respect to the same proposition of law, it is well understood that the right of the defeated party on exceptions to a new trial does not depend on his showing that the error actually influenced the verdict against him, and such may reasonably have been the result. The right to a direct charge from the court is no more sacred or important than the right which in this case was violated. The analogy might be carried further. It is not essential to the right to a new trial on exceptions that the error of the court should have been intentional or by the fault of the prevailing party, so in this case the defendant was not any the less likely to be injured because the jurors did not appreciate the impropriety of listening to conversation intended to influence them, or because the plaintiff was unaware of the officious efforts of his friends in

his behalf.   The friends of the plaintiff who thus approached the jury were guilty of a flagrant violation of the law, and the jurors who suffered themselves to be so approached, though they may have meant no wrong, were guilty not only of a violation of the law, but also of the oath they had taken to say nothing of the business and matters in their charge but to their fellow jurors, and to suffer no one to speak to them about the same except in court.   Both were liable to severe and summary punishment.   The plaintiff, as he was unaware of these transactions, is not liable to punishment, but it does not follow from this that he can hold a verdict which is the result of a trial corrupted, though without his fault, by a shameful disregard of the familiar rules which are necessary to a decent administration of the law. The court set the verdict aside, not as a punishment to any one, but in justice to themselves as well as to the defendant, that the trial might be conducted fairly, so that the verdict when finally rendered may be entitled to the respect of both parties and the confidence of the court as the result of a trial substantially according to law and upon the evidence in court.   It is true that a verdict should not be set asde for every trifling error of law by the court or for every trifling misconduct of a juror which occurs without the fault of the prevailing party, but it should be whenever the error or misconduct renders it reasonably doubtful whether the verdict has been legitimately procured.''

For error in overruling the motion for a new trial the judgment is reversed.